# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SUPER INTERCONNECT TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ACER INC.<br>AND ACER AMERICA CORPORATION,<br><br>    Defendants. | Civil Action No. 6:13-cv-731<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1.    Plaintiff Super Interconnect Technologies LLC ("Super Interconnect Technologies"), for its Complaint against defendants Acer Inc. and Acer America Corporation (collectively "Acer" or "Defendants"), hereby alleges as follows:

## PARTIES

2.    Super Interconnect Technologies is a Texas company with its principal place of business in the Eastern District of Texas at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

3.    On information and belief, Acer Inc. is a corporation organized under the laws of Taiwan, and has its principal place of business located in 8F, 88, Section 1, Xintai 5th Rd., Xizhi, New Taipei City 221 F5 10516815, Taiwan.  Acer, Inc. may be served pursuant to Letters Rogatory.

4.    On information and belief, Acer America Corporation ("Acer America") is a private company incorporated in California with its offices at 333 West San Carlos Street, Suite

1500, San Jose, CA 95110 and 900 Venture Dr., Allen, TX 75013.  Acer America may be served with process by serving its registered agent, CT Corporation System, 818 W. Seventh St., Los Angeles, CA 90017.

## NATURE OF THE ACTION

5. This is a civil action for infringement of United States Patent No. 6,560,290 (the "'290 patent") under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (A) at least part of its infringing activities alleged herein, and (B) regularly doing or soliciting business, engaging in other persistent causes of conduct, or deriving substantial revenue from goods and services provided to persons and other entities in Texas and this judicial district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and (d) and § 1400(b).  On information and belief, each Defendant has purposely transacted substantial business in this judicial district, and has committed acts of direct infringement in this judicial district.

## THE PATENT-IN-SUIT

9. United States Patent No. 6,560,290, entitled "CMOS Driver and On-Chip Termination for Gigabaud Speed Data Communication," was duly and legally issued by the

United States Patent and Trademark Office on May 6, 2003.  A copy of the '290 patent is attached hereto as Exhibit A.

10. Super Interconnect Technologies is the exclusive licensee of the '290 patent and has the right to sue and recover damages for any current or past infringement.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,560,290)

11. Paragraphs 1 through 10 are incorporated by reference as if fully stated herein.

12. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271 *et seq*.

13. Acer has infringed, and continues to infringe, at least claim 9 of the '290 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling or importing into the United States mobile electronic products that include on-chip termination, for example, and without limitation, Acer Liquid Metal.

14. Super Interconnect Technologies has been and continues to be damaged by Acer's infringement of the '290 patent.

## PRAYER FOR RELIEF

Wherefore, Super Interconnect Technologies respectfully requests that this Court enter:

A. Judgment in favor of Super Interconnect Technologies that Acer has infringed the '290 patent;

B. An order requiring Acer to pay Super Interconnect Technologies damages adequate to compensate for Acer's past infringement and any continuing or future infringement up until the date such judgment is entered, including pre- and post-judgment interest, costs and

disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Super Interconnect Technologies for Acer's infringement, an accounting;

      C.      A determination that this case is exceptional within the meaning of 35 U.S.C. § 285;

      D.      A preliminary and permanent injunction preventing Acer, and those in active concert or participation with Acer, from directly or indirectly infringing the '290 patent;

      E.      A judgment requiring that, in the event a permanent injunction preventing future acts of infringement is not granted, Super Interconnect Technologies be awarded a compulsory ongoing licensing fee; and

      F.      Any and all further relief which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Super Interconnect Technologies requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ. P. 38.

Dated: September 30, 2013                 Respectfully submitted,

By: */s/ Craig Tadlock*
Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com

Paul J. Hayes
Robert R. Gilman
Christopher E. Millikin
Jonathan R. DeBlois
**HAYES MESSINA GILMAN & HAYES LLC**
250 Northern Ave., Suite 410
Boston, Massachusetts 02110
Tel: (978) 809-3850
Fax: (978) 809-3869
Email: phayes@hayesmessina.com
Email: rgilman@hayesmessina.com
Email: cmillikin@hayesmessina.com
Email: jdeblois@hayesmessina.com

*ATTORNEYS FOR PLAINTIFF*